■ DONALD MacARTHUR, Respondent, v. COXON REAL ESTATE, INC., Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Columbia County, entered on a jury determination that a release signed by the respondent was not an effective affirmative defense to his action for personal injuries because it had been procured by fraud and deceit. On July 22, 1962 respondent fell on appellant's premises and broke his leg. Shortly after he returned home from the hospital, encased hip to toe in a cast, one Archie Jackson, appellant's insurer's claims man, secured the release in question in return for a total payment of $604.50, representing only respondent's medical expenses and lost wages. Respondent asserted that in the course of reaching this figure Jackson told him that respondent's physician had informed him that respondent could return to work on September 1. At the trial Jackson denied that he stated that the physician himself had proffered the September 1 date but rather that someone in the physician's office had supplied that information. The physician, however, testified that there was no way of knowing how soon the fracture would heal while the cast remained on, that the had told no one that respondent would be able to return to work by September 1, and that there was no information on respondent's record from which anyone of his office staff could bsae such a statement. The physician concluded that in fact claimant had a permanent stiffness in his knee as a result of the accident. On the basis of this testimony the jury could, in its capacity to determine factual issues, conclude that respondent was fraudulently induced to sign the release by a misrepresentation of his physician's prognosis as to the extent of his injuries and disability, particularly since such misrepresentation was made by one who

obviously knew that such factor was particularly material to the size of the damages recoverable. Judgment affirmed, with costs. Gibson, P. J., and Herlihy, J., concur; Taylor, J., not voting.